1

2

3

4

5

6

7

8                      IN THE UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10   DENNIS GARDNER,

11          Plaintiff,                    No. 2:12-cv-01613 DAD P

12       vs.

13   J. McCARTHY, et al.,

14          Defendants.               <u>ORDER</u>

15   _____/

16          Plaintiff is an inmate at the Solano County Jail and is proceeding pro se in this

17   civil rights action brought pursuant to 42 U.S.C. § 1983.  Plaintiff  has filed an application to

18   proceed in forma pauperis under 28 U.S.C. § 1915.  This proceeding was referred to the

19   undersigned magistrate judge in accordance with Local Rule 302 and 28 U.S.C. § 636(b)(1).

20   **I.  In Forma Pauperis Application**

21          Plaintiff has submitted an in forma pauperis application (Doc. No. 2) that makes

22   the showing required by 28 U.S.C. § 1915(a).  Accordingly, plaintiff will be granted leave to

23   proceed in forma pauperis.

24          Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  <u>See</u>

25   28 U.S.C. §§ 1914(a) & 1915(b)(1).  Plaintiff will be assessed an initial partial filing fee of 20

26   percent of the greater of (a) the average monthly deposits to plaintiff's trust account; or (b) the

average monthly balance in plaintiff's account for the 6-month period immediately preceding the

filing of this action. 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct the

appropriate agency to collect the initial partial filing fee from plaintiff's prison trust account and

forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated to make monthly

payments of twenty percent of the preceding month's income credited to plaintiff's prison trust

account.  These payments will be collected and forwarded by the appropriate agency to the Clerk

of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is

paid in full.  See 28 U.S.C. § 1915(b)(2).

**II.  Screening Requirement**

        The court is required to screen complaints brought by prisoners seeking relief

against a governmental entity or an officer or employee of a governmental entity.  See 28 U.S.C.

§ 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised

claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

granted, or that seek monetary relief from a defendant who is immune from such relief.  See 28

U.S.C. § 1915A(b)(1) & (2).

        A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

(9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

Cir. 1989); Franklin, 745 F.2d at 1227.

        Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and

plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the

defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic

Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47

1    (1957)).  However, in order to survive dismissal for failure to state a claim a complaint must

2    contain more than "a formulaic recitation of the elements of a cause of action;" it must contain

3    factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic,

4    550 U.S. at 555.  In reviewing a complaint under this standard, the court must accept as true the

5    allegations of the complaint.  See Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740

6    (1976).  The court must also construe the pleading in the light most favorable to the plaintiff and

7    resolve all doubts in the plaintiff's favor.  See Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

8            The allegations in plaintiff's complaint are so vague and conclusory that the court

9    is unable to determine whether the current action is frivolous or fails to state a claim for relief.

10    Plaintiff's complaint does not contain a short and plain statement as required by Fed. R. Civ. P.

11    8(a)(2).  In its entirety, plaintiff's complaint states his claim by alleging as follows:

12            On February 8, 2012 officer J. McCarthy shot me with a taser in
         my buttocks while subdued on the ground handcuffed with my
13            hands behind my back (sic) officer Felipe Hernandez put his knee
         in my back and face causing lacerations on my left eye, abrasion to
14            my forehead there was also a cut on my lip where officer J.
         McCarthy claim (sic) to have punch (sic) me in my face
15

16    (Complaint (Doc. No. 1) at 3.)

17            Although the Federal Rules adopt a flexible pleading policy, a complaint must

18    give fair notice to the defendants and must allege facts that support the elements of the claim

19    plainly and succinctly.  Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).

20    Plaintiff must allege with at least some degree of particularity overt acts which defendants

21    engaged in that support his claims.  Id.  Because plaintiff has failed to comply with the

22    requirements of Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed.  The court will,

23    however, grant leave to file an amended complaint.  Below, the court addresses the legal

24    standards governing the claim that it appears plaintiff is attempting to present in this action.

25    /////

26    /////

3

**III.  Excessive Force Claim**

It appears that plaintiff is proceeding solely with an excessive force claim against defendants McCarthy and Hernandez.  However, if this is not the case plaintiff should clearly identify the nature of his claims and the defendants involved in each claim in any amended complaint he elects to file.

As to his excessive use of force claim, in any amended complaint plaintiff must allege facts clarifying whether he is claiming that excessive force was used before his arrest, after his arrest but while he was in police custody, or after his arraignment on criminal charges.  Plaintiff must also allege facts regarding the circumstances surrounding the alleged use of force by defendants, such as, whether plaintiff had been fleeing to avoid arrest, whether he was resisting, and/or whether he was complying with officer's orders at the time force was used.

Plaintiff is also advised of the following legal standard governing an excessive use of force claim.  "The Due Process [C]lause protects pretrial detainees from the use of excessive force that amounts to punishment."  See Gibson v. County of Washoe, 290 F.3d 1175, 1197 (9th Cir. 2002).  In analyzing Fourteenth Amendment claims for excessive force, the Ninth Circuit has adopted the Fourth Amendment objective reasonableness standard.  See id.; see also Graham v. Connor, 490 U.S. 386, 395 (1989).  Under this standard, "'[t]he force which [i]s applied must be balanced against the need for that force:  it is the need for force which is at the heart of the Graham factors.'"  Liston v. County of Riverside, 120 F.3d 965, 976 (9th Cir. 1997) (quoting Alexander  v. City and County of San Francisco, 29 F.3d 1355, 1367 (9th Cir. 1994)).  See also Bryan v. MacPherson, 630 F.3d 805, 823 (9th Cir. 2010).

In analyzing the nature and quality of the intrusion on an individual's Fourth Amendment interests, the court must consider both the type and the amount of force used.  The court must also "examine the totality of the circumstances and consider 'whatever specific factors may be appropriate in a particular case, whether or not listed in Graham.'"  Bryan, 630 F.3d at 824 & 826.  For example, the court may appropriately consider whether a warning was

given before force was used.  See Deorle v. Rutherford, 272 F.3d 1272, 1285 (9th Cir. 2001)

("Less than deadly force that may lead to serious injury may be used only when a strong

governmental interest warrants its use, and in such circumstances should be preceded by a

warning, when feasible.").  "Force is excessive when it is greater than is reasonable under the

circumstances."  Santos v. Gates, 287 F.3d 846, 854 (9th Cir. 2002) (citing Graham, 490 U.S.

386).

**IV.  The Amended Complaint**

If plaintiff elects to pursue this action by filing an amended complaint, he must

allege facts demonstrating how the conditions complained of resulted in a deprivation of his

federal constitutional or statutory rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The

amended complaint must allege in specific terms how each named defendant was involved in the

deprivation of plaintiff's rights.  There can be no liability under 42 U.S.C. § 1983 unless there is

some affirmative link or connection between a defendant's actions and the claimed deprivation.

Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980);

Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Vague and conclusory allegations of

official participation in civil rights violations are not sufficient.  Ivey v. Board of Regents, 673

F.2d 266, 268 (9th Cir. 1982).

Plaintiff is informed that the court cannot refer to a prior pleading in order to

make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended

complaint be complete in itself without reference to any prior pleading.  This is because, as a

general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375

F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no

longer serves any function in the case.  Therefore, in an amended complaint, as in an original

complaint, each claim and the involvement of each defendant must be sufficiently alleged.

/////

/////

**V.  Conclusion**

Accordingly, IT IS HEREBY ORDERED that:

1.  Plaintiff's June 15, 2012 application to proceed in forma pauperis (Doc. No. 2) is granted.

2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the Sheriff of Solano County filed concurrently herewith.

3.  Plaintiff's complaint is dismissed.

4.  Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint"; plaintiff must use the form complaint provided by the court and answer each question; failure to file an amended complaint in accordance with this order will result in the dismissal of this action without prejudice.

5.  The Clerk of the Court is directed to provide plaintiff with a copy of the court's form complaint for a § 1983 action.

DATED: March 29, 2013.

DAD:4
gard1613.14

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE