UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENNIS GARDNER, | No. 2:12-cv-01613 DAD P |
| Plaintiff, | |
| v. | ORDER |
| J. McCARTHY, et al., | |
| Defendants. | |

Plaintiff, an inmate at the Solano County Detention Facility, has filed a civil rights action pursuant to 42 U.S.C. § 1983. By order filed April 1, 2013, plaintiff's complaint was dismissed and he was granted leave to file an amended complaint within thirty days. On July 29, 2013, plaintiff was granted an additional thirty days to file his amended complaint. On August 26, 2013, plaintiff filed a second request for an extension of time to file an amended complaint, but before the court ruled on that request plaintiff filed his amended complaint and then a second amended complaint. Accordingly, the court will grant plaintiff's request for an extension of time nunc pro tunc and deem plaintiff's second amended complaint to be the operative complaint in this civil rights action.

The court is, of course, required to screen plaintiff's second amended complaint. Although the court's April 1, 2013 screening order provided plaintiff with the legal standard governing an excessive use force claim under the Fourteenth Amendment, plaintiff in his second

1

amended complaint has nonetheless failed to allege any facts in addition to those set forth in his deficient original complaint.  Plaintiff has also failed to allege any facts in his second amended complaint concerning the circumstances which preceded the use of force such as whether plaintiff was resisting arrest or attempting to flee, whether plaintiff was warned by defendants prior to the use of force, and in what way the use of force was unreasonable.  Plaintiff was also previously advised that he was required to specifically allege the involvement of each named defendant in violating his rights but has again failed to do so.  Accordingly, the court finds that plaintiff's second amended complaint is also deficient because it fails to contain additional allegations in keeping with the April 1, 2013 screening order.  Nonetheless, plaintiff will be granted a final opportunity to state a cognizable excessive force claim in a third amended complaint.  Plaintiff is directed to refer to the court's April 1, 2013 order and to attempt to cure the deficiencies noted in that order in any third amended complaint he elects to file.

Plaintiff is reminded that the court cannot refer to prior pleadings in order to make his third amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files a third amended complaint, the prior pleadings no longer serve any function in the case.  Therefore, in a third amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's August 26, 2013 request for an extension of time (ECF No. 17) is granted nunc pro tunc;

2. Plaintiff's second amended complaint filed September 16, 2013, is dismissed with leave to amend;

3. Plaintiff is granted thirty days from the service of this order to file a third amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the third amended complaint must bear the docket number assigned to this case and must be labeled "Third Amended Complaint;" failure to file a

1  third amended complaint in accordance with this order will result in the dismissal of this action
2  without prejudice; and
3      4. The Clerk of the Court is directed to provide plaintiff with the court's form complaint
4  for a § 1983 action.
5  Dated: December 17, 2013

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
gard1613.lta3