UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENNIS GARDNER,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>J. McCARTHY, et al.,<br><br>　　　　　　Defendants. | No. 2:12-cv-1613 DAD P<br><br><br>ORDER |

Plaintiff proceeds without counsel and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983. This action proceeds on plaintiff's Third Amended Complaint. (ECF No. 21.) The parties have consented to the jurisdiction of the magistrate judge for all purposes. 28 U.S.C. § 636(c); Local Rule 305(a). (See ECF. Nos. 4, 27.) Plaintiff is not presently incarcerated.

On August 11, 2014, defendants filed a motion to dismiss the complaint or, alternatively, for more definite statement. (ECF No. 32.) Plaintiff did not file any opposition to the motion. Any opposition was due on or before September 2, 2014. See L. R. 230(l). However, on October 3, 2013, plaintiff filed a motion for appointment of counsel (ECF No. 34) and, on October 9, 2014, filed a request seeking guidance regarding how to proceed in this action (ECF No. 35).

In response to plaintiff's request for guidance, the court will extend the time for plaintiff to file an opposition or statement of non-opposition to defendants' pending motion to dismiss.

1

Plaintiff's opposition to that motion shall be filed and served within twenty-one days after service of this order. Plaintiff is cautioned that failure to timely file and serve an opposition will result in the dismissal of this action without prejudice.

Plaintiff was previously informed of the requirements for responding to a motion to dismiss, and the consequences for failing to do so. On June 9, 2014, the court advised plaintiff that motions to dismiss must be briefed pursuant to Local Rule 230(l). The court noted in pertinent part:

> Unless otherwise ordered, all motions to dismiss, motions for summary judgment, motions concerning discovery, motions pursuant to Fed. R. Civ. P. 7, 11, 12, 15, 41, 55, 56, 59 and 60, and E.D. Cal. R. 110, shall be briefed pursuant to L.R. 230(l). *Failure to timely oppose such a motion may be deemed a waiver of opposition to the motion.* See L.R. 230(l) . . . .

(ECF No. 25 at 3 (emphasis added).) See also Local Rule 110 (failure to comply with the Local Rules "may be grounds for imposition of any and all sanctions authorized by statute or Rule or within the inherent power of the Court"); Fed. R. Civ. P. 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it.").

The defendants' pending motion to dismiss, which is only five pages long, clearly identifies the reasons defendants seek dismissal of plaintiff's Third Amended Complaint. To proceed in this action, plaintiff must file and serve an opposition that addresses each of the contentions and arguments raised by defendants, and sets forth plaintiff's reasons why this action should not be dismissed.

Next, plaintiff requests appointment of counsel. Plaintiff states that he has "limited knowledge of the law;" that this case appears to include "complex factual issues or legal arguments;" and that plaintiff "may be inadequate dealing with despositions and other pre-trial discovery and preparations" (sic). (ECF No. 34 at 1.)

The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in Section 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In "exceptional circumstances," the court may request that an

attorney voluntarily represent a plaintiff. See 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). In determining whether such "exceptional circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as well as plaintiff's ability to articulate his claims pro se in light of the complexity of the legal issues involved. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009). The burden of demonstrating exceptional circumstances is on the plaintiff. Id. Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances warranting the appointment of counsel.

Plaintiff's reasons for requesting appointment of counsel are reasons common to all prisoners and therefore do not establish the requisite exceptional circumstances warranting appointment of counsel at this time. Therefore, plaintiff's request for appointment of counsel will be denied without prejudice.

Accordingly, IT IS HEREBY ORDERED that:

1. Within twenty-one (21) days after service of this order, plaintiff shall file and serve an opposition or statement of non-opposition to defendants' pending motion to dismiss; failure to timely file and serve an opposition will result in the dismissal of this action without prejudice.

2. Plaintiff's request for appointment of counsel (ECF No. 34) is denied without prejudice.

Dated: October 16, 2014

_Dale A. Drozd_
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
gard1613.nooppo+31.

3