UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENNIS GARDNER,<br><br>            Plaintiff,<br><br>      v.<br><br>J. McCARTHY, et al.,<br><br>            Defendants. | No.  2:12-cv-01613 DAD P<br><br><br>ORDER |

Plaintiff is a state prisoner proceeding pro se with a civil rights action seeking relief under 42 U.S.C. § 1983 and California state law.  The action proceeds on plaintiff's Third Amended Complaint.  (ECF No. 21.)  This matter is before the court on motions (i) for a more definite statement and (ii) to dismiss plaintiff's state law claims filed on behalf of defendants J. McCarthy and Felipe Hernandez.  (ECF No. 32.)   Plaintiff has filed an opposition to the motions.  (ECF No. 37.)  Defendants have not filed a reply.  The parties previously consented to Magistrate Judge jurisdiction over this action pursuant to 28 U.S.C. § 636(c).  (See ECF Nos. 4, 27.)

For the reasons set forth below, the court will grant both motions, and also grant plaintiff leave to file an amended complaint if he wishes to pursue this action.

////

////

////

I. <u>Background</u>

The statement of claim in plaintiff's Third Amended Complaint provides in its entirety:

> On February 8, 2012 while being arrested for an alleged violation of a restraining order from 1624 Fairgrounds Drive in Vallejo, I was shot with a taser stun gun while I was already subdued on the ground handcuffed with my hands behind my back, by Officer J. McCarthy #627 an employee of the Vallejo Police Department in the city of Vallejo.  I was also punched in my face and received a cut on my lip by Officer J. McCarthy.  While subdued on the ground handcuffed with my hands behind my back, Officer Felipe Hernandez #584 an employee of the Vallejo police department put his knee on my face causing lacerations on my left eye and abrasion to my forehead.

(ECF No. 21 at 3.)  Plaintiff seeks "appropriate damages under California state and federal law" for his injuries.  (<u>Id.</u>)

Defendants move for a more definite statement regarding uncompleted portions of the form complaint that plaintiff used to file his Third Amended Complaint with this court, and also move to dismiss plaintiff's state law claims based on plaintiff's alleged failure to exhaust administrative remedies.

II. <u>Legal Standards</u>

    A.  <u>Legal Standard re: Motion for a More Definite Statement</u>

Federal Rule of Civil Procedure 12(e) provides:

> A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response. The motion must be made before filing a responsive pleading and must point out the defects complained of and the details desired.  If the court orders a more definite statement and the order is not obeyed within 14 days after notice of the order or within the time the court sets, the court may strike the pleading or issue any other appropriate order.

Fed. R. Civ. P. 12(e).  <u>See also</u> <u>Swierkiewicz v. Sorema N.A.</u>, 534 U.S. 506, 514 (2002) ("If a pleading fails to specify the allegations in a manner that provides sufficient notice, a defendant can move for a more definite statement under Rule 12(e) before responding."); <u>C.B. v. Sonora Sch. Dist.</u>, 691 F. Supp. 2d 1170, 1190–91 (E.D. Cal. 2010) ("A Rule 12(e) motion is proper only if the complaint is so indefinite that the defendant cannot ascertain the nature of the claim being asserted, i.e., so vague that the defendant cannot begin to frame a response.").

A court should deny a motion for a more definite statement "if the complaint is specific enough to notify [a] defendant of the substance of the claim being asserted" or "if the detail sought by a motion for more definite statement is obtainable through discovery." C.B., 691 F. Supp. 2d at 1191. A Rule 12(e) motion "is likely to be denied where the substance of the claim has been alleged, even though some of the details are omitted." Neveu v. City of Fresno, 392 F. Supp. 2d 1159, 1169 (E.D. Cal. 2005). This liberal pleading standard is consistent with Federal Rule of Civil Procedure 8(a) which allows pleadings that simply contain a "short and plain statement of the claim." Id.

  B. Standard re: Motion to Dismiss

A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the sufficiency of the complaint. North Star Int'l v. Arizona Corp. Comm'n, 720 F.2d 578, 581 (9th Cir. 1983). Dismissal of the complaint, or any claim within it, "can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). See also Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 534 (9th Cir. 1984). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action"; it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).

In determining whether a pleading states a cognizable claim, the court accepts as true all material allegations in the complaint and construes those allegations, as well as the reasonable inferences that can be drawn from them, in the light most favorable to the plaintiff. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Hosp. Bldg. Co. v. Trustees of Rex Hosp., 425 U.S. 738, 740 (1976); Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989). In the context of considering a motion to dismiss, the court also resolves doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

/////

1     In general, pro se pleadings are held to a less stringent standard than those drafted by
2 lawyers.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  The court has an obligation to construe
3 such pleadings liberally.  Bretz v. Kelman, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc).
4 The court's liberal interpretation of a pro se complaint, however, may not supply essential
5 elements of the claim that were not pled.  Ivey v. Bd. of Regents of Univ. of Alaska, 673 F.2d
6 266, 268 (9th Cir. 1982); see also Pena v. Gardner, 976 F.2d 469, 471 (9th Cir. 1992).

7 III. Analysis

8     Defendants move for a more definite statement due to plaintiff's failure in his Third
9 Amended Complaint to complete parts I, II, and III of the court's Form to be Used by a Prisoner
10 in Filing a Complaint under the Civil Rights Act, 42 U.S.C. § 1983.  These sections of the form
11 complaint respectively require plaintiff to set forth previous lawsuits that he has brought while a
12 prisoner, to describe his exhaustion of administrative remedies at the institution at which he is
13 incarcerated, and to identify the defendants named in his complaint.  The court notes that plaintiff
14 has also failed to adequately complete the identified portions of the form in his initial Complaint,
15 in his First Amended Complaint, and in his Second Amended Complaint.  (See ECF Nos. 1, 18,
16 19.)  Plaintiff has also entirely failed to address defendants' motion for a more definite statement
17 in his opposition to the pending motion.

18     Defendants also move to dismiss all state law claims in plaintiff's Third Amended
19 Complaint, contending that he has failed therein to allege compliance with the California Tort
20 Claims Act, Cal. Gov't. Code § 810 et seq. ("Act").  Under the Act, an individual suing a public
21 entity or its employees (for actions taken within the scope of the employees' duties) for damages
22 stemming from an injury must first present a written claim to the public entity "not later than six
23 months after the accrual of the cause of action."  Cal. Gov't Code § 911.2.  The complaining
24 individual cannot file a suit until the claim has first been acted upon or deemed to have been
25 rejected by the governing board of the public entity.  Cal. Gov't Code § 954.2.  Failure to timely
26 present a claim bars the filing of a lawsuit under California law arising from the challenged
27 actions.  State of Cal. v. Superior Court (Bodde), 32 Cal. 4th 1234, 1239 (2004).
28 /////

In their motion, defendants contend that plaintiff has failed to allege that he presented a written claim to the public entity (presumably, the City of Vallejo) which employs them within six months of the date on which he was allegedly injured, and move to dismiss his state law claims on this basis.  In support of this argument, defendants cite the decision in <u>Karim-Panahi v. Los Angeles Police Dept.</u>, 839 F.2d 621 (9th Cir. 1988), in which the Ninth Circuit held that plaintiffs who plead California state law tort claims in federal lawsuits against public employees must allege compliance with the Act's procedures in their complaints.  <u>Id.</u> at 627.  The Ninth Circuit also noted, however, that district courts err if they dismiss such claims with prejudice, without having first instructed plaintiffs regarding the need to allege compliance with the pertinent requirements.  <u>Id.</u>  Plaintiff has also failed to address this argument in his opposition to the pending motion.

The court will grant both of defendants' motions, and grant plaintiff leave to file a Fourth Amended Complaint.  If he elects to file a Fourth Amended Complaint, plaintiff will be required to complete all sections of the court's form complaint except Part II, which applies only to exhaustion of administrative remedies within the prison, and as such, does not apply to a civil rights lawsuit that concerns acts which allegedly occurred prior to a plaintiff's incarceration, as is the case here.  Plaintiff will also be required to allege in his Fourth Amended Complaint whether or not he timely filed a claim with the City of Vallejo, as required under the California Tort Claims Act.  Plaintiff is cautioned that, under Federal Rule of Civil Procedure 11:

> By presenting to the court a pleading, written motion, or other paper – whether by signing, filing, submitting, or later advocating it – an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> [. . .]
>
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery . . . .

Fed. R. Civ. P. 11(b).  In other words, plaintiff should only allege in his Fourth Amended Complaint that he complied with the Act if he in truth complied with the Act.  If plaintiff acknowledges in his Fourth Amended Complaint that he did not file such a claim, or fails to

5

allege his compliance with the Act, he will not be permitted to proceed with state law claims against the defendants in this action.[1]

IV. Conclusion

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Defendants' motion to for a more definite statement and motion to dismiss (ECF No. 32) are granted.

2. The Clerk of the Court is directed to send plaintiff a blank copy of the Eastern District of California's Form to be Used by a Prisoner in Filing a Complaint under the Civil Rights Act, 42 U.S.C. § 1983.

3. Plaintiff is granted thirty days from the date of filing of this order to file a fully-completed Fourth Amended Complaint with the court, except that plaintiff may leave Part II of the Form blank. Plaintiff should allege in the Fourth Amended Complaint whether or not he timely complied with the claims presentation requirement in the California Tort Claims Act. Plaintiff should also be careful to include in his Fourth Amended Complaint all of the allegations set forth in his Third Amended Complaint. If plaintiff fails to file a Fourth Amended Complaint within the time provided by this order, this action will be dismissed.

Dated: March 1, 2015

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:10
gard1613.mtd

---

[1] The Act, as a state law, does not apply to claims brought under 42 U.S.C. § 1983, which is a federal statute. In other words, plaintiff can proceed with his §1983 claims even if his state law claims are dismissed for failure to comply with the Act's requirements.